FILED
CLERK

6/26/2013 3:26 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOEL BEECHAM,

                        Petitioner,
                                              MEMORANDUM & ORDER
        -against-                             12-CV-0822(JS)

THOMAS LaVALLEY, Superintendent,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Joel Beecham, pro se
                    #06-A-1535
                    Green Haven Correctional Facility
                    594 Route 216
                    P.O. Box 4000
                    Stormville, NY 12582

For Respondent:     Glenn D. Green, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

This Memorandum and Order addresses pro se Petitioner Joel Beecham's ("Petitioner") requests: (1) to stay his petition "to enable [him] to properly exhaust [his] claim of the total Denial of Counsel at a material stage of the proceedings" (Docket Entry 23); (2) to amend his Petition or hold it in abeyance on the grounds of "newly discovered evidence" (Docket Entry 26); (3) for the appointment of counsel (Docket Entry 26); (4) for an extension of time to respond to Respondent's opposition to his request for a stay (Docket Entry 28); and (5) to compel the production of the

state court record, including all trial minutes (Docket Entry 29). For the following reasons, Petitioner's requests are all DENIED.

DISCUSSION

I. Requests to Amend/Stay

This is not Petitioner's first request for a stay. The Court will briefly discuss the procedural history related to Petitioner's prior requests before turning to the merits of Petitioner's pending application.

A. Procedural History

Petitioner commenced this action on February 17, 2012, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that: (1) his right to remain silent was violated; (2) the trial court abused its discretion in denying Petitioner's request for severance; (3) he was denied effective assistance of counsel; (4) the evidence was insufficient as a matter of law; (5) the trial court abused its discretion in imposing time limits on jury selection; (6) the prosecution's conduct during the trial "exceeded the limits of legitimate advocacy;" (7) his right to be present at all material stages of the trial was violated; and (8) his sentence was unduly harsh and excessive. Respondent answered the Petition on March 14, 2012 (Docket Entry 6), and Petitioner filed a Reply on June 18, 2012 (Docket Entry 13).

In the interim, on April 9, 2012, Petitioner filed a 152-page request that "his Petition be held in abeyance." (Docket

Entry 9, at 1.) Although not entirely clear from the request, Petitioner appeared to be requesting a stay because he had not had an opportunity to review his trial counsel's file. (Id. at 2.) The request also reargued many of the points raised in his Petition.

On January 9, 2013, the Court denied Petitioner's request, finding that "[a]lthough district courts have the power to 'stay [a] petition and hold it in abeyance' if a petitioner needs to 'return[] to state court to exhaust [any] previously unexhausted claims,' Petitioner . . . [was] not claiming that there [were] any unexhausted claims in his Petition." (Mem. & Order, Jan. 9, 2013, at 2 (quoting Rhines v. Weber, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2004)).)

Less than a month later on February 1, 2013, Petitioner filed a "renew[ed]" request for a stay, which stated, in its entirety, as follows:

> I am constrained to renew my request for a stay of my Habeas Corpus petition to enable me to properly exhaust my claim of the total Denial of Counsel at a material stage of the proceedings. In order to comply with the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1)(A), stay and abeyance is requested to prevent the risk of forever losing my opportunity for federal review of my unexhausted claim. Kindly reconsider my request for stay and abeyance to allow me to properly advance my substantive constitutional violation. Thanking you in advance for your consideration.

3

(Docket Entry 23.)  Counsel for Respondent filed an affirmation in opposition, stating that he opposes the request for a stay because "Respondent cannot discern what claim it is that [P]etitioner really wants to exhaust."  (Green Aff., Docket Entry 24, ¶ 9.)  On March 6, 2013, Petitioner filed an untimely request for an extension of time to file a reply, which the Court granted on March 11, 2013, extending Petitioner's time to reply to April 11, 2013.  The Court ordered counsel for Respondent to serve a copy of that Order on Petitioner; however, counsel failed to comply with the Court's order.

Nonetheless, on May 10, 2013, Petitioner supplemented his request.  (Docket Entry 26.)  Apparently, he has hired a private investigator, Jay Salpeter, who retrieved for Petitioner, <u>from this Court's file</u>, a copy of his state court indictment.  (Docket Entry 27.)  Petitioner requests a stay so he can "properly exhaust this newly discovered evidence."  (Docket Entry 26, at 1.)  Also, although not explicitly stated in his motion, it appears as though Petitioner intends to amend his Petitioner if/when Mr. Salpeter discovers any evidence possibly supporting a new ground for relief.  Counsel for Respondent has not opposed or otherwise responded to this request.

On June 11, 2013, Petitioner filed another request for an extension of time to submit a reply in support of his February 1, 2013 request for a stay on the grounds that counsel for

4

Respondent failed to properly serve him with a copy of the Court's previous Order granting him such extension. (Docket Entry 28.)

His requests for a stay and his motion for an extension of time to submit additional material in support of his requests for a stay are pending.

B. Applicable Law

Before petitioning a federal court for a writ of habeas corpus, a petitioner must first exhaust any available state court remedies. See 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamaz v. Keane, 34 F.3d 68, 73 (2d Cir. 2005). The doctrine arises out of the principles of comity, see Daye v. N.Y. Att'y Gen., 696 F.2d 186, 191 (2d Cir. 1982), and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

A district court has the discretion, however, to issue a stay "in limited circumstances," to allow a petitioner time to exhaust his state court remedies. Rhines, 544 U.S. at 277. The Supreme Court has explained:

> Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his

5

>claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id.

It is with these principles in mind that the Court analyzes the pending requests.

C. Analysis

In the present case, Petitioner is seeking a stay to "exhaust . . . newly discovered evidence" (Docket Entry 26), so he may "properly advance [his] substantive constitutional violation" (Docket Entry 23). There are many issues with Petitioner's request. First, Respondent does not dispute that all of the claims in the Petition have been properly exhausted. Thus, to the extent that he is seeking a stay to exhaust the claims asserted in the Petition, a stay is unnecessary and his request is denied as moot. Second, to the extent that Petitioner is seeking to assert a new ground for relief, a ground not asserted in the Petition, he has failed to articulate his claim with sufficient specificity such that the Court can determine whether it is of any merit. This is relevant because, as explained above, a petitioner is not entitled to a stay to exhaust "plainly meritless" claims. Rhines, 544 U.S. at 277. Finally, notably missing from Petitioner's request is any indication that he plans on returning to state court. The Court cannot and will not hold his case is abeyance indefinitely while

6

Petitioner attempts to unearth evidence that may support new and unexhausted grounds for relief. As the Court stated in its prior Order, if after reviewing the Petition, the Court finds that it needs additional facts that Petitioner was unable to previously discover despite exercising due diligence, it can and will order an evidentiary hearing (see Mem. & Order, Docket Entry 22, at 2). See also 28 U.S.C. § 2254(e)(2)(A).

Accordingly, Petitioner's requests for a stay are DENIED, and his request for additional time to file a reply brief in support of his request for a stay is DENIED AS MOOT.

## II. Motion to Appoint Counsel

This is also not Petitioner's first request for the appointment of counsel. Petitioner filed his first request on July 13, 2012, and before the Court could issue a decision, he filed another on August 3, 2012. On October 4, 2012, the Court denied Petitioner's requests finding that the appointment of pro bono counsel was not warranted because: he "ha[d] not satisfied the threshold showing of merit," he "ha[d] adequately and competently set forth his claims in his [P]etition," he "appear[ed] capable of preparing and presenting his case," and "the legal issues presented in the [P]etition d[id] not appear to be particularly complex." (Mem. & Order, Docket Entry 19, at 3-4.)

The Court has carefully considered Petitioner's instant application and, for the reasons set forth in the October 4, 2012

7

Memorandum and Order, the application for the appointment of pro bono counsel is again denied. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

III. Motion for Discovery

Also pending before the Court is Petitioner's motion to compel the production of "the entire file of [his state court] indictment number and trial minutes" as well as a copy of "the Court Order dated[] 2/21/2013." (Docket Entry 29.) The February 21 Order was an electronic order, which means that the entirety of the order is reflected on the docket sheet--i.e., there is no separate document. As Petitioner is already in possession of the docket sheet (Docket Entry 29, at 11[1]), his request is DENIED AS MOOT.

With respect to Petitioner's motion to compel the production of the entire state court record, "discovery is allowed [in a habeas corpus proceeding] only if the district court, acting in its discretion finds 'good cause' to allow it." Ferranti v. United States, 480 F. App'x 634, 638 (2d Cir. 2012) (quoting Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997)). The "good cause" standard is satisfied "where specific allegations before the court show reason to believe that the

---

[1] The page number refers to the page number inserted by the Court's Electronic Case Filing System.

8

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (alteration in original) (internal quotation marks and citation omitted). "The district court enjoys 'broad discretion' to determine whether discovery is warranted in a habeas proceeding, and its decision will be overturned only if it abused its discretion." Ferranti, 480 F. App'x at 638 (citing Nieblas v. Smith, 204 F.3d 29, 31 (2d Cir. 1999)). Here, Petitioner asserts that he requires discovery because it may "reveal grounds for relief that the Petitioner was not aware of." (Docket Entry 29, at 3.) Such a fishing expedition does not constitute good cause, and accordingly Petitioner's request is DENIED.[2]

## CONCLUSION

For the foregoing reasons, Petitioner's requests (Docket Entries 23, 26, 28, 29) are all DENIED. Petitioner is warned that if he continues to file duplicative and frivolous motions for a stay, for discovery, and/or for the appointment of pro bono counsel, he may be sanctioned. See In re Martin-Trigona, 9 F.3d 226, 228-29 (2d Cir. 1993) (stating that a court may sanction a

---

[2] The Court notes that it is in possession of the state court record. Thus, to the extent that there are documents therein that are relevant to Petitioner's claims and the Court's analysis, they will be considered. Further, if upon reviewing the merits of the Petition, the Court determines that any additional materials are needed, the Court will schedule an evidentiary hearing.

9

vexatious litigant by barring him from filing any future motions without first obtaining permission from the court).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 26, 2013
       Central Islip, NY